## JAMES BAGLEY *v.* RICHARD BROWN.

The court has power to allow an amendment of the entry of judgment of affirmance, ordered on appeal from the inferior courts, where erroneously entered through mistake, and the power will be exercised when no injustice is caused thereby.

Such amendment of an erroneous entry, not in any way affecting the merits of the judgment of affirmance, may be directed by a single judge at special term.

Where application to allow a set-off of a judgment is made, in the name of the judgment creditor, by his attorney acting in person on the motion and urging

Bagley *v.* Brown.

that the set-off should be allowed; it is not a sufficient objection to the application, that the attorney is interested in the judgment, for in that case he only, and not the adverse party, would be prejudiced by granting the motion.

The Code provides, that on filing a transcript of a judgment of the Marine or Justices' Courts, the same shall be enforced in the same manner as, and "be deemed," a judgment of this court. *It seems,* therefore, that the same power exists to allow a set-off of such a judgment, as of a judgment originally entered in this court.

APPEAL from an order made at special term. The plaintiff having recovered a judgment against the defendant in the Marine Court, assigned it to his attorney, who filed a transcript in this court and issued execution. The defendant appealed to this court, where the judgment against him was affirmed. In entering judgment of affirmance, the plaintiff's attorney included only the costs of the appeal; the execution upon the original judgment docketed on filing the transcript, being still with the sheriff, who afterwards returned it unsatisfied. The plaintiff, thereupon, acting by his attorney, sued the defendant and his surety, in this court, upon their undertaking filed as security on perfecting the appeal above mentioned. This action was determined by a dismissal of the complaint and a judgment in favor of the defendants respectively, for two separate bills of costs, they having appeared by different attorneys. This result was produced by the fact, disclosed in the evidence of the defence, that, although the original judgment remained of record, the judgment of affirmance had been sold to one of the defendant's attorneys, and an execution issued thereon returned satisfied, with the condition, however, that the original judgment should not be affected thereby. The court in which that action was brought held that the condition of the undertaking was fulfilled, notwithstanding default in the payment of the original judgment.

The plaintiff's attorney then moved, that the judgment of affirmance be amended, on the record, by inserting the amount of the original judgment as entered in this court when the transcript was filed; and that, thereupon, the judgment of affirmance, so amended, be set off against the judgment for costs recovered by the defendant and his surety in the action on the undertaking.

Bagley *v.* Brown.

The motion was argued, in the first instance, before DALY, J., who decided, that as the amendment could not affect the merits of the judgment of affirmance, the application could be made at special term. He then denied the motion as respects the surety, but directed the amendment, and allowed the set-off against the original defendant. The order provided, that the costs of the defendant in the second suit should be deducted from the amended judgment of affirmance, the balance, if any, to be certified in the plaintiff's favor.

*John L. Hanes*, for the defendant.

*Stephen B. Brophy*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—I do not think an amendment of the judgment record in this case was necessary. The Code provides that on filing a transcript of a judgment of the Marine Court, the same shall be enforced in the same manner as, and shall " be deemed," a judgment of this court. The court have therefore the same power to allow a set-off of such a judgment without amending the judgment of affirmance, as they have after such amendment is made. Nevertheless, the power of the court to amend, either before or after judgment, is ample and is in the discretion of the court to be exercised when the ends of justice require it, and the judgment of affirmance having been erroneously entered through mistake, and no injustice to the appellant being possible, I see no reason for refusing the amendment if desired.

The propriety of the set-off granted at special term seems to me very clear. The court would not allow a set-off to the prejudice of an assignee of the judgment, but when the assignee himself is in substance the moving party, coming into court as the attorney for the plaintiff, and urging the motion, his alleged interest in the judgment forms no objection. The defendant is in no wise prejudiced.

The order appealed from should be affirmed, with $10 costs.

Ordered accordingly.